# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALVIN NATHANIEL JORDAN,     )
          )
      **Petitioner,**     )
          )
v.          )     **Case No. 15-CV-0409-CVE-TLW**
          )
JOE M. ALLBAUGH, Interim Director,[1] )
          )
      **Respondent.**     )

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 7) to the motion to dismiss. For the reasons discussed below, the motion to dismiss shall be granted. The petition for writ of habeas corpus (Dkt. # 1) shall be dismissed with prejudice.

### BACKGROUND

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2004-2805. See Dkt. # 1. The record reflects that on June 12, 2006, the state district judge found Petitioner guilty after accepting his pleas of guilty to First Degree Murder (Count 1), Robbery With Firearms (Count 2), and Shooting With Intent to Kill (Counts 3, 4). See Dkt. ## 6-1, 6-2. Petitioner was sentenced that day to life imprisonment without the possibility of parole on Count 1, and to life imprisonment on each of Counts 2, 3, and 4, with the sentences to be served consecutive to the

---

[1]Petitioner is currently housed at Davis Correctional Facility, a private prison located in Holdenville, Oklahoma. The current state officer having custody of Petitioner is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is Joe M. Allbaugh, Interim Director. Under Fed. R. Civ. P. 25, Joe M. Allbaugh is hereby substituted as party respondent in place of Tim Wilkinson, Warden. The Clerk of Court shall note the substitution on the record.

sentence entered in Tulsa County District Court, Case No. CF-2004-3111,[2] and the sentences for Counts 2, 3, and 4 to be served concurrently. See Dkt. # 6-2. Petitioner did not file a motion to withdraw guilty pleas and did not otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See www.oscn.net.

This Court's records reflect that on July 25, 2007, in N.D. Okla. Case No. 07-CV-418-CVE-FHM, Petitioner filed a document entitled "Application for Post-Conviction Relief." Based on the filing of that document, the Clerk of Court opened a 28 U.S.C. § 2254 habeas corpus action. On August 29, 2007, the Court granted Petitioner's motion to dismiss without prejudice, "so [Petitioner] can exhaust the issues in the state courts as 28 U.S.C. 2254(b) requires," and dismissed the petition.

On January 16, 2008, Petitioner filed a motion for transcripts at public expense in his state district court case. See www.oscn.net. That motion was denied on February 29, 2008. Id. On December 1, 2008, Petitioner filed a motion for appointment of counsel and a second motion for transcripts at public expense. Id. Those motions were denied on January 12, 2009. Id.

On April 29, 2014, Petitioner filed an application for post-conviction relief, along with a motion to withdraw guilty plea. See Dkt. ## 6-3, 6-4. The state district court denied the application for post-conviction relief by order filed January 27, 2015. See Dkt. # 6-5. Petitioner appealed to the OCCA, and by order filed April 23, 2015, in Case No. PC-2015-134, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6-6.

---

[2]On September 6, 2005, in Tulsa County District Court, Case No. CF-2004-3111, Petitioner entered blind pleas of guilty to Robbery With a Dangerous Weapon (Count 1), and Assault and Battery With a Dangerous Weapon (Counts 2, 3). See www.oscn.net. On October 10, 2005, the trial judge found Petitioner guilty and sentenced him to thirty-five (35) years imprisonment on Count 1, and ten (10) years imprisonment on each of Counts 2 and 3, with all sentences to be served concurrently. Id.

Petitioner filed his petition for writ of habeas corpus (Dkt. # 1) on July 22, 2015. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d).  See Dkt. ## 6, 7.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2004-2805, his conviction became final on June 22, 2006, ten (10) days after pronouncement of his Judgment and Sentence.  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the

defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). When he failed to file a motion to withdraw his guilty pleas by June 22, 2006, his one-year federal limitations period began to run the next day, June 23, 2006. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, June 25, 2007,[3] would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed his petition on July 22, 2015, more than eight (8) years beyond the deadline. Unless Petitioner is entitled to statutory or equitable tolling, his petition appears to be untimely.

As a preliminary matter, the one-year limitations period was not tolled during the pendency of Petitioner's first habeas corpus action, N.D. Okla. Case No. 07-CV-418-CVE-FHM. Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).

The running of the limitations period is tolled or suspended during the pendency of any state post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). None of the post-conviction motions filed by Petitioner serves to toll the limitations period under 28 U.S.C. § 2244(d)(2). First, the motions for transcripts at public expense and the motion for appointment of counsel are not "application[s] for post-conviction or

---

[3]June 23, 2007, fell on a Saturday. Therefore, Petitioner's deadline for filing a federal petition for writ of habeas corpus was Monday, June 25, 2007.

other collateral review" for purposes of statutory tolling.  See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (stating that "the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions") (internal citation omitted); Osborne v. Boone, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. April 12, 1999) (unpublished)[4] (holding that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)").

Next, Petitioner did not file his application for post-conviction relief in state court until April 29, 2014  – almost seven (7) years after the June 25, 2007 deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  Therefore, Petitioner's post-conviction proceeding did not serve to toll the limitations period.  Unless Petitioner is entitled to equitable tolling, this petition is time barred.

Petitioner filed a response (Dkt. # 7) objecting to the motion to dismiss.  He argues that his petition is not time-barred because "the plea he entered is utterly void," as a result of a "mental condition that impaired his understanding and competency" and his inability to read and understand the guilty plea form.  Id. at 1, 2.  Petitioner states that he is "mentally handicapped," and

---

[4]This and other unpublished opinions herein are not precedential but are cited for their persuasive value.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

characterizes the condition as "an extraordinary circumstance beyond Petitioner's control."[5] Id. at 3. He also claims that he received ineffective assistance of counsel during the entry of his guilty pleas. Id. at 4; Dkt. # 1 at 7.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's claim concerning his "mental condition" at the time he entered his guilty plea does not justify equitable tolling. Nothing in the record suggests that Petitioner was

---

[5]The record provided by Petitioner reflects that, in January 2006, prior to entry of his guilty pleas in state court, he raised mental retardation as a defense to the imposition of the death penalty and the issue was set for a jury trial. See Dkt. # 7 at 7. However, the record provided by Respondent demonstrates that, on August 25, 2004, Petitioner was "found competent and ready to proceed." (Dkt. # 6-7 at 3). In addition, on June 12, 2006, at Petitioner's change of plea hearing, Petitioner's attorney advised the trial judge that Petitioner "was evaluated by Dr. Grundy who did inform me that [Petitioner] was competent to proceed." (Dkt. # 7 at 9).

so incapacitated during the limitations period that he was incapable of pursuing his habeas claims. He provides no medical records or other documentation suggesting that, during the limitations period, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). Furthermore, Petitioner's statements concerning his inability to read and write are insufficient to demonstrate entitlement to equitable tolling. Yang, 525 F.3d at 929-30 n.7 (collecting cases standing for proposition that claims alleging an inability to read or write in either English or Spanish are not "extraordinary circumstances" warranting equitable tolling).

Because Petitioner did not diligently pursue his federal habeas corpus claims, he is not entitled to equitable tolling. Worley v. Lytle, No. 99-2103, 2000 WL 963169, *2 (10th Cir. 2000) (unpublished) (stating that tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[E]quitable [tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Petitioner simply waited too long to begin state post-conviction proceedings and to file this habeas corpus petition. As a result, Petitioner is not entitled to equitable tolling based on his claims that he is mentally impaired and that he cannot read or write. This petition is time-barred.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Clerk of Court shall note on the record the substitution of Joe M. Allbaugh, Interim Warden, as party respondent in place of Tim Wilkinson, Warden.

8

2.       Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the

statute of limitations (Dkt. # 5) is **granted**.

3.       The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

4.       A certificate of appealability is **denied**.

5.       A separate Judgment shall be entered in this case.


**DATED** this 4th day of February, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9